IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES DENNETT,

    Petitioner,

v.                                       Civil Action No. 5:06CV153
                                                   (STAMP)

DOMINIC A. GUTIERREZ,

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE
RESPONDENT'S MOTION TO DISMISS**

I.   Procedural History

On December 5, 2006, the petitioner, James Dennett, appearing pro se[1] filed an application for habeas corpus pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to transfer him to a Community Corrections Center ("CCC") for the last six months of his term of imprisonment. This Court referred the complaint to United States Magistrate Judge James E. Seibert for an initial review and submission of proposed findings of fact and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

On December 11, 2006, the petitioner paid the required $5.00 filing fee. By order, entered on December 12, 2006, the Court

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

directed the respondent to answer the petition. On February 15, 2007, the respondent filed a response to the order to show cause and memorandum in support of motion to dismiss. Attached to the response, the respondent filed two exhibits. The exhibits include a declaration of Lori Lindsay with a "Program Review Report" and a declaration of Clarrisa M. Greene with a "SENTRY computer-generated Public Information Inmate Data" regarding the petitioner. On February 16, 2007, the respondent filed his motion to dismiss. On February 28, 2007, a Roseboro notice was issued giving the petitioner thirty days to respond to the respondent's motion to dismiss. To date, the petitioner has not filed a response to the respondent's motion to dismiss.

On June 4, 2007, the magistrate judge entered a report recommending that the petitioner's application for habeas corpus pursuant to 28 U.S.C. § 2241 be denied and dismissed without prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. To date, neither party has filed objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and

recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On January 11, 2006, the petitioner was sentenced in the United States District Court for the Eastern District of Michigan to a thirty-two month term of incarceration followed by a three year term of supervised release for conspiracy to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). If this Court assumes good time credit, the petitioner's projected release date is July 9, 2008. Petitioner was designated to FCI-Morgantown on March 13, 2006. Petitioner has not yet been reviewed for CCC placement eligibility.

## IV. Discussion

In his § 2241 application for habeas corpus, the petitioner contends that the BOP's policy of transferring prisoners to a CCC for the last ten percent of their term of imprisonment has been ruled unconstitutional. In its motion to dismiss, the respondent contends that the petition should be dismissed because: (1) the petitioner has failed to exhaust his administrative remedies; (2) the facts of the petition are not yet ripe for review; (3) the

February 2005 Code of Federal Regulations regarding placement of prisoners in CCCs are valid and entitled to substantial deference; (4) Section 3621(b) does not require the BOP to consider transferring inmates to any facility; and (5) the BOP properly exercised its discretion in a categorical manner by limiting placement in CCC's to the last ten percent of an inmate's sentence served, not to exceed six months.

A. <u>Exhaustion</u>

Petitioner admits that he has not exhausted his administrative remedies alleging that raising the claims through the internal grievance system would be moot because the issues raised in the petition can only be resolved in the United States District Court. The magistrate judge noted that federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. <u>See e.g.</u> <u>Martinez v. Roberts</u>, 804 F.2d 570 (9th Cir. 1996).

However, a number of courts have found that requiring inmates to challenge the BOP's policy regarding placement in a CCC through the administrative process would be futile. <u>See e.g.</u> <u>Fagiolo v. Smith</u>, 236 F. Supp. 589, 590 (M.D. Pa. 2004)("exhaustion would be futile because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c)").

This Court finds that the issues raised in the petition are not yet ripe for adjudication. Accordingly, a decision where

exhaustion is required is unnecessary at this time and the respondent's motion to dismiss for failure to exhaust must be denied without prejudice subject to refiling if the § 2241 petition is refiled and ripe for adjudication.

B. <u>Ripeness</u>

The Supreme Court has recognized that "[t]he ripeness doctrine 'is drawn from both Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" <u>Nat'l Park Hospitality Ass'n v. Dep't of Interior</u>, 538 U.S. 803, 807 (2003). "The central concern of both power and discretion is that the tendered case involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Metzenbaum v. Fed. Energy Regulatory Comm'n</u>, 675 F.2d 1282, 1289-90 (C.A.D.C. 1982)(citations omitted).

> The basic rationale of ripeness is:
>
> to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The problem is best seen in a two fold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.

In this action, the petitioner is anticipating that the BOP will apply 28 C.F.R. § 570.21 in a manner so as to limit his eligibility for placement in a CCC to the last ten percent of his sentence. Because several United States Courts of Appeals have

found that the BOP regulation limiting a prisoner's placement in a CCC to the lessor of ten percent or six months of his sentence was an improper exercise of the BOP's rule making authority, the petitioner seeks a preemptive ruling requiring the BOP to place him in a CCC for the last six months of his sentence.

The United States Court of Appeals for the Fourth Circuit Court has not yet ruled upon the legality of 28 C.F.R. § 570.21. However, the Third, Eighth, Second and Tenth Circuits have ruled the same improper. <u>See</u> <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005); <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006); <u>Levine v. Apker</u>, 455 F.2d 71 (2d Cir. 2006); <u>Wedelstedt v. Wiley</u>, 477 F.3d 1160 (10th Cir. 2007).

However, even if this Court were to agree with these Courts of Appeals, this would mean only that the petitioner must be considered for CCC placement for the last six moths of incarceration, not that this Court can order his placement. A careful reading of the appellate decisions clearly establishes that the BOP regulations have been held invalid only to the extent that they limit a prisoner's placement in a CCC to the lesser of ten percent of his sentence or six months, without consideration of the five factors set forth in 18 U.S.C. § 3621(b).

The decisions issued by the Court of Appeals do not apply to this petitioner because he is not yet near the end of his sentence term. While Congress has mandated CCC placement for federal

6

prisoners, at best, that placement is not required until the last six months of incarceration. See 18 U.S.C. § 3624(c). However, in order to facilitate that placement, under Program Statement 7310.04, the BOP considers an inmate for CCC placement when he or she is within eleven to thirteen months of his or her projected release date. To date, the petitioner's "Unit Team" has made no official recommendation about the length of his placement. Instead, an "Initial Classification Review" was conducted on March 28, 2006, during which the petitioner was informed that CCC placement would be discussed when he is within eleven to thirteen months of his projected release date. In other words, the petitioner will not be reviewed for CCC placement eligibility until June 2007, at the earliest, and possibly as late as August 2007. Only when the petitioner is within eleven to thirteen months of his projected release date will his "Unit Team" assess his eligibility for CCC placement and complete an official CCC referral. At that time, the petitioner's claim may be ripe for review, depending on the circumstances of the official referral of the "Unit Team."

If the petitioner's "Unit Team" recommends CCC placement for the last six months of his term of incarceration, then he will have received the maximum benefit for which 18 U.S.C. § 3624(c) provides, and he will have no need of this Court's intervention. If, on the other hand, his "Unit Team" relies on 28 C.F.R. § 570.20-21 and recommends a categorical placement in a CCC

facility for 3.2 months, the last ten percent of his total sentence, then this matter may be ripe for review pursuant to a habeas corpus petition under 28 U.S.C. § 2241. Accordingly, the respondent's motion to dismiss must be granted with respect to the ripeness issue and the petitioner's § 2241 petition must be dismissed without prejudice subject to refiling if the issue becomes ripe for adjudication.

C.   Respondent's Other Grounds for Dismissal

In addition to arguing that the § 2241 petition should be dismissed for failure to exhaust administrative remedies and because the matter raised is not ripe for review, the respondent also advances substantive grounds for dismissal including arguments that the February 2005 Code of Federal Regulations regarding placement of prisoners in CCCs are valid and entitled to substantial deference. However, as stated above, the petition should be dismissed because the issues are not yet ripe for adjudication. Thus, this Court need not address the respondent's substantive grounds for dismissal until such time as a petition is filed which is ripe for adjudication. Accordingly, the respondent's motion to dismiss with respect to all other grounds must be denied without prejudice subject to refiling if the petition is refiled and ripe for adjudication.

V. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2241 petition is hereby DENIED and DISMISSED WITHOUT PREJUDICE and the respondent's motion to dismiss is hereby GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. Specifically, the respondent's motion to dismiss is granted with respect to the ripeness issue and denied without prejudice on all other grounds, subject to refiling if the petition is refiled and ripe for adjudication.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

Accordingly, it is hereby ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    July 11, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
