IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES DENNETT,

    Petitioner,

v.                                             Civil Action No. 5:06CV153
                                                                    (STAMP)

DOMINIC A. GUTIERREZ,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT PETITIONER'S EMERGENCY
MOTION FOR RECONSIDERATION OF FINAL ORDER
FROM A MOTION PURSUANT TO 28 U.S.C. § 2241**

I.  Background and Procedural History

Currently pending before this Court is the petitioner's pro se[1] emergency motion for reconsideration of this Court's order denying the petitioner's habeas corpus application, filed pursuant to 28 U.S.C. § 2241. In his application, the petitioner challenges the policy of the Bureau of Prisons ("BOP") limiting inmates' placement in Community Correctional Centers ("CCCs") to the last ten percent or the final six months of their period of incarceration, whichever is less. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. Magistrate Judge Seibert recommended denying the petition as unripe because at the time the BOP had made no

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommendation about the petitioner's eligibility for or length of CCC placement. In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. No objections were filed.

On July 11, 2007, this Court entered a memorandum opinion and order affirming and adopting the report and recommendation by the magistrate judge, denying the petitioner's § 2241 application as unripe for review, dismissing the petitioner's claims, and ordering this action stricken from the active docket of the Court. Subsequently, the petitioner filed an emergency motion for reconsideration of this Court's order denying his § 2241 petition. In his motion for reconsideration, the petitioner states that since the date of this Court's denial of his § 2241 application, he has received CCC placement referral which limits his placement to the last ten percent of his sentence. The petitioner contends that the BOP continues, unlawfully, to categorically assign inmates to CCC placement for ten percent of their total period of incarceration without considering the statutory factors. The respondent has filed no response. For the reasons set forth below, this Court finds that the petitioner's motion for reconsideration must be denied.

II. Facts

The petitioner was sentenced on January 11, 2006, in the United States District Court for the Eastern District of Michigan to a period of imprisonment of thirty-two months, to be followed by a three-year term of supervised release, for Conspiracy to Distribute More than 1000 Kilograms of Marijuana, in violation of 21 U.S.C. § 841(a)(1). At the time the magistrate judge's report and recommendation was issued, the petitioner's release date, with good-time credit, was estimated by the BOP to be July 9, 2008. A search of the BOP inmate locator website on September 16, 2008, indicated that the petitioner was, in fact, released on July 9, 2008.

III. Discussion

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case ceases to present a viable legal issue requiring resolution, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render it moot, the case must be dismissed. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the petitioner challenges the BOP's decision to limit his placement in a CCC to the final ten percent of his period of incarceration. Although the petitioner has not notified this Court of a change of address, the BOP inmate locator website establishes

that the petitioner was released from custody on July 9, 2008. Because the petitioner has been released from the custody of the BOP, the petitioner's legal challenges no longer require resolution. Accordingly, this case is moot and this Court lacks jurisdiction to consider the issues raised therein.

For the foregoing reasons, the petitioner's emergency motion for reconsideration of final order from a motion pursuant to 28 U.S.C. § 2241 is DENIED. Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 17, 2008

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE